UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KENNETH D. BELL,**

      Plaintiff,

v.                                       Case No: 6:21-mc-99-PGB-EJK

**ZHAOXING HU,**

      Defendant.

**ORDER**

This cause comes before the Court on the Motion for Substitution of Plaintiff (the "Motion"), filed October 14, 2022. (Doc. 21.) Therein, Plaintiff seeks to substitute Nationwide Judgment Recovery, Inc., ("NJR") for "Matthew Orso, as Successor Trustee to Kenneth D. Bell, in his capacity as Court-Appointed Receiver for Rex Venture Group, LLC ("Orso") as the party Plaintiff in this matter." (*Id.* at 1.) Upon consideration, the Motion is due to be granted.

Federal Rule of Civil Procedure 25 states that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). It is well-settled that substitution is committed to the discretion of the court. "Substitution under Rule 25(c) is purely a matter of convenience, and regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected." *Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995). Substitution under Rule 25(c) is procedural only

and does not impact the substantive rights of the parties. *See id.*

Here, as Plaintiff points out, this Court has previously agreed that this miscellaneous matter and the issuance of the writs of garnishment are "a continuation of the original litigation that produced the judgment." (Doc. 21 at 4) (internal quotation marks omitted). Thus, "under Rule 25(c), the litigation may be continued by [Nationwide Judgment Recovery, Inc.] (the party in interest) and against [Defendant] (the original party)." *Bell v. Woods*, No. 5:20-mc-10-JSM-PRL, 2022 WL 428440, at *3 (M.D. Fla. Jan. 7, 2022), *report and recommendation adopted*, 5:20-mc-10-JSM-PRL, 2022 WL 425719 (M.D. Fla. Feb. 11, 2022). A review of the evidence Plaintiff has submitted (Doc. 21-1) supports the conclusion that NJR is the party of interest in the matter.

Accordingly, the Motion for Substitution (Doc. 21) is **GRANTED**. The Clerk of Court is **DIRECTED** to amend the case caption to substitute Nationwide Judgment Recovery, Inc., as the named Plaintiff in this matter.

**DONE** and **ORDERED** in Orlando, Florida on October 19, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE